Opinion delivered June 15, 1887.

---

## No. 5427.

## W. J. CLARK v. THE STATE.

### ON REHEARING.

1. THEFT—VENUE.—Theft may be prosecuted either in the county of the original taking or in any county through or into which the thief transported the property.   Proof, therefore, that the accused brought the property stolen in another county into the county of the forum will support the venue in the latter.

2. SAME—EVIDENCE.—POSSESSION of the servant is possession of the master, and proof that the property was taken from the possession of the servant will support the allegation that it was taken from the possession of the master.

3. SAME—CHARGE OF THE COURT.—See statement of the case for evidence *held* sufficient to establish the issue of value both in the county of the original taking and in the county of the forum.   In substance the trial court charged that the measure of value was the value of the property at the time of the taking in the county of the taking, and not in the county of the forum at the time it was brought into that county.   *Held,* that the converse of the charge is the law, the rule being that "where a party is prosecuted in a county other than that in which the theft was committed, a complete offense must be shown in the county where the conviction was had."   See the opinion on the question.

APPEAL from the District Court of Fannin.   Tried below before the Hon. D. H. Scott.

The conviction in this case was for the felonious theft of an overcoat, the property of J. B. McLeod, and the penalty assessed was a term of four years in the penitentiary.

It was indisputably proved by the State that a fine blue chinchilla overcoat, belonging to a Mr. Meade, was taken from the

office of the St. George Hotel, in the city of Dallas, of which hotel J. B. McLeod was proprietor, and that it was taken while one of McLeod's clerks was on duty; that McLeod paid Meade twenty dollars to indemnify him for his loss, and that Meade afterwards reimbursed him upon the recovery of the coat; that the coat was very nearly new, and worth then at least twenty dollars, and that such coats when new were worth from thirty to thirty-five dollars. The coat was traced to the possession of and recovered from the defendant, in Fannin county.

The single witness for the defense was a dry goods merchant of Fannin county, who testified that chinchilla overcoats ranged in price from nine to eighteen dollars, and were rarely worth, when new, over twenty dollars.

*J. H. Burts*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE.   On a former day of the present term of the court the judgment of conviction in this case was affirmed orally. In a motion for rehearing made by defendant it is insisted that the conviction and affirmance thereof are erroneous for the following reasons: 1. That the evidence shows that the alleged stolen property, if taken at all, was taken in Dallas county, and not in Fannin county, as alleged in the indictment.   2. That the evidence shows that the alleged stolen property was of less value than twenty dollars in Fannin county.   3. That the evidence does not show the want of consent of the person who had the actual control of the alleged stolen property.   4. That there are fundamental errors in the charge of the court, first, as to the value of the property, and second, that it is upon the weight of evidence.   5. That the indictment is fatally defective in that it does not allege that the property was taken in Dallas county and carried into Fannin county by the defendant.

We will consider and dispose of the first and fifth objections together.   "Where property is stolen in one county and carried off by the offender to another, he may be prosecuted either in the county where he took the property or in any other county through or into which he may have carried the same." (Code Crim. Proc., art. 216.)   It was sufficient for the indictment to lay the venue of the offense in Fannin county, the county into which the offender had carried the stolen property, and the indictment

was supported as to venue by proof that the property was stolen in Dallas county by the defendant, and by him carried into Fannin county. In this respect both the indictment and the evidence are, in our opinion, sufficient. (Shubert v. The State, 20 Texas Ct. App., 320; Dixon v. The State, 15 Id., 480; Cameron v. The State, 9 Id., 332; Allen v. The State, 4 Id., 581.)

The third objection is not sound. The alleged stolen property, at the time it was taken, was in the possession of McLeod, the hotel proprietor, and he was the special owner thereof. The possession of his servants was his possession, and it was only necessary to prove his want of consent to the taking; which was done. (Bailey v. The State, 18 Texas Ct. App., 426; Frazier v. The State, Id., 434.)

The second and fourth objections will be considered together. As to the value of the alleged stolen property in Fannin county, the evidence was conflicting. A witness who qualified himself to testify as to the market value of such property in that county stated that said property was of less value than twenty dollars, while other witnesses placed its value in that county at more than twenty dollars. It was conclusively proved that in Dallas county, where the property was originally taken, it was at that time of greater value than twenty dollars. We hold the evidence to be sufficient to justify the verdict that the property was of greater value than twenty dollars, both in Dallas and Fannin counties.

But the court, in its charge to the jury upon the question of the value of the property, instructed that said value must be the cash market value of the property at the time and place of the taking—that is, its cash market value in Dallas county, and not such value in Fannin county. This charge was, we think, fundamental error. The consideration of the jury as to the value of the property should have been limited to the cash market value thereof in Fannin county at the time it was brought into that county by the defendant. The rule is, that "where a party is prosecuted in a county other than that in which the theft was committed, a complete offense must be shown in the county where the conviction was had." (Roth v. the State, 10 Texas Ct. App., 27; Gage v. The State, 22 Id., 123.) A complete offense of *felonious* theft was not committed by defendant in Fannin county, unless, at the time he carried the stolen property into that county, it was of the value of twenty dollars or over, in Fannin county. The court, in its charge, should have

directed the inquiry as to the value of the property to its value in Fannin county, and not in Dallas county. As to the proper standard of value in such cases, and the rules concerning the proof thereof, see Martinez v. The State, 16 Texas Court of Appeals, 122; Saddler v. The State, 20 Id., 195.

We will here remark that the error in the charge of the court discussed, was for the first time complained of in the defendant's motion for a rehearing, and hence it was overlooked by this court in affirming the judgment. We find no other error in the charge.

Because of said error in the charge the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of conviction is reversed and the cause is remanded for another trial.

*Reversed and remanded.*